**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LEETISHA ROUNDTREE and ONIEKO DOLPHY, individually on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**-against-**<br><br>**AEROTEK, INC.,**<br><br>**Defendant.** | **Case No.:** 21 Civ. 5434<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT** |

Leetisha Roundtree and Onieko Dolphy ("Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime compensation, spread of hours pay, and other damages for Plaintiffs and all other similarly situated non-exempt co-workers – manual workers – (collectively, "Manual Workers") who work or have worked for Aerotek, Inc. ("Aerotek" or "Defendant")

2.      Headquartered in Hanover, Maryland, Aerotek is a global staffing agency whereby the corporation recruits and places individuals from various industries into new roles and positions based on its clients' needs.

3.      At all times relevant, Plaintiffs were employed as Manual Workers for Aerotek's

1

clients and staffed at warehouses in New York.

4.     At all times relevant Defendant compensated Plaintiffs and all other Manual Workers on an hourly basis.

5.     Despite being non-exempt employees, Defendant has failed to properly pay Plaintiffs and other Manual Workers overtime compensation at 1.5 times their regular rate of pay when they work over 40 hours per workweek.

6.     In this regard, Defendant instituted a policy and practice where they failed to pay Plaintiffs and similarly situated Manual Workers for all of their hours worked. More specifically, Defendant engaged in "time shaving" practices to reduce the number of hours worked by Plaintiffs and similarly situated Manual Workers.

7.     Defendants also at times paid Manual Workers "straight time" for their overtime hours worked.

8.     At all relevant times, Defendant required Plaintiffs and all other similarly situated Manual Workers in New York to work shifts of over ten (10) hours.

9.     Despite paying Plaintiffs and other Manual Workers in New York the applicable minimum wage and requiring them to work shifts of over ten hours, Defendant failed to provide Plaintiffs and similarly situated Manual Workers in New York spread of hours pay.

10.     Despite being manual workers, Defendant, at times, has failed to properly pay Plaintiffs and other Manual Workers their wages within seven calendar days after the end of the week in which these wages were earned.

11.     As such, Defendant has failed to provide timely wages to Plaintiffs and all other similar Manual Workers.

12.     Plaintiffs bring this action on behalf of themselves and all other similarly situated

Manual Workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

13.     Plaintiffs also bring this action on behalf of themselves and all other similarly situated Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the NYLL, Article 6, §§ 190 et seq., and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

## THE PARTIES

**Plaintiffs**

**Leetisha Roundtree**

14.     Leetisha Roundtree ("Roundtree") is an adult individual who is a resident of the State of New York.

15.     Roundtree was employed by Aerotek in the Bronx as an hourly Manual Worker in 2020.

16.     Roundtree is a covered employee within the meaning of the FLSA and NYLL.

17.     A written consent form for Roundtree is being filed with this Class and Collective Action Complaint.

**Onieko Dolphy**

18.     Onieko Dolphy ("Dolphy") is an adult individual who is a resident of the State of New York.

19.     Dolphy was employed by Aerotek in Queens as an hourly Manual Worker from approximately April 3, 2020 through July 2020.

20.     Dolphy is a covered employee within the meaning of the FLSA and NYLL.

21.     A written consent form for Dolphy is being filed with this Class and Collective Action Complaint.

**Defendant**

**Aerotek, Inc.**

22.     Aerotek, Inc. is a foreign business corporation organized and existing under the laws of Maryland.

23.     Aerotek, Inc.'s principal executive office is located at 7301 Parkway Drive, Hanover, Maryland 21076.

24.     Aerotek, Inc. was and is a covered employer within the meaning of the FLSA and NYLL, and all times relevant, employed Plaintiffs and similarly situated employees.

25.     Aerotek, Inc. has maintained control, oversight, and direction over Plaintiffs and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

26.     Aerotek, Inc. applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to the payment of wages.

27.     Upon information and belief, at all relevant times, Aerotek, Inc. has had an annual gross volume of sales in excess of $500,000.

## JURISDICTION AND VENUE

28.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

29.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

30.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendant conducts business in this District.

## COLLECTIVE ACTION ALLEGATIONS

31.     Plaintiffs bring the First Cause of Action, an FLSA claim, on behalf of themselves and all similarly situated persons who work or have worked as an Manual Worker for Aerotek nationwide who elect to opt-in to this action (the "FLSA Collective").

32.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective for their overtime hours worked.

33.     Consistent with Defendant's policies and patterns or practices, Plaintiffs and the FLSA Collective were not paid the proper overtime compensation of 1.5 times their regular rates of pay for all hours worked beyond 40 per workweek.

34.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

35.     As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiffs and the FLSA Collective, the correct overtime wages for all hours worked in excess of 40 hours per workweek.

## NEW YORK CLASS ACTION ALLEGATIONS

36.     Plaintiffs bring the Second, Third, Fourth, and Fifth, Sixth, Seventh, and Eighth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf

of themselves and a class of persons consisting of:

> All persons who work or have worked as Manual
> Workers for Aerotek in New York between June 18,
> 2015 and the date of final judgment in this matter (the
> "New York Class").

37.     The members of the New York Class are so numerous that joinder of all members is

impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

38.     There are more than fifty members of the New York Class.

39.     Plaintiffs' claims are typical of those claims that could be alleged by any member of

the New York Class, and the relief sought is typical of the relief which would be sought by each

member of the New York Class in separate actions.

40.     Plaintiffs and the New York Class have all been injured in that they have been

uncompensated, under-compensated, or untimely compensated due to Defendant's common

policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices

affected everyone in the New York Class similarly, and Defendant benefited from the same type of

unfair and/or wrongful acts as to each member of the New York Class.

41.     Plaintiffs are able to fairly and adequately protect the interests of the New York

Class and has no interests antagonistic to the New York Class.

42.     Plaintiffs are represented by attorneys who are experienced and competent in both

class action litigation and employment litigation and have previously represented many plaintiffs

and classes in wage and hour cases.

43.     A class action is superior to other available methods for the fair and efficient

adjudication of the controversy – particularly in the context of wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate defendants. Class action treatment will permit a large number of similar persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

44.     Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiffs and/or each member of the New York Class individually and include, but are not limited to, the following:

(a)  whether Defendants correctly compensated Plaintiff and the New York Class proper minimum wages for all hours worked up to and including 40 per workweek;

(b)  whether Defendants correctly compensated Plaintiff and the New York Class for all hours worked up to and including 40 per workweek as agreed upon;

(c)  whether Defendant correctly compensated Plaintiffs and the New York Class for hours worked in excess of 40 per workweek;

(d)  whether Defendant correctly compensated Plaintiffs and the New York Class with spread of hours pay, as required by the NYLL;

(e)  whether Defendant compensated Plaintiffs and the New York Class on a timely basis, as required by the NYLL;

(f)  whether Defendant failed to furnish Plaintiffs and the New York Class with a proper time of hire wage notice, as required by the NYLL; and

(g)  whether Defendant failed to furnish Plaintiffs and the New York Class with accurate statements with every payment of wages, as required by the NYLL.

## PLAINTIFFS' FACTUAL ALLEGATIONS

45.     Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiffs, individually, as follows:

**Leetisha Roundtree**

46.     Roundtree was employed by Defendant as an hourly manual worker (warehouse worker) for Aerotek from April 3, 2020 through July 2020.

47.     At all times relevant, Roundtree has been a non-exempt employee under the FLSA and NYLL.

7

48.     During his employment, Roundtree submitted timesheets which amounted to workweeks in which she worked excessive amounts of overtime.

49.     Defendant failed to pay Roundtree for all of her hours worked. In this regard, Defendant "shaved time" from the time reported by Roundtree, and paid her for less hours than she worked and reported.

50.     Throughout her employment, Roundtree would work shifts of over ten hours from beginning to the end of her shift. Despite working shifts of over ten hours, Defendant failed to provide Roundtree with spread of hours pay as required by the NYLL.

51.     At hiring, Defendant informed Roundtree that she would be paid $16.00 per hour. However, upon receiving her first paystub and paystubs thereafter, Roundtree was in fact only paid $15.00 per hour. Thus, Defendant failed to pay Roundtree her agreed upon wages as required by the NYLL.

52.     Despite regularly spending more than twenty-five percent of his shift performing manual work, Defendant failed to compensate Roundtree on a timely weekly basis. Specifically, Defendant often paid Roundtree her wages later than the allowed time for manual workers under NYLL § 191(1)(a).

53.     Defendant failed to provide Roundtree with a proper time of hire wage notice as required by the NYLL.

54.     Throughout his employment, Defendant failed to provide Roundtree with accurate wage statements with each payment of wages as required by the NYLL.

**Onieko Dolphy**

55.     Dolphy was employed by Defendant as an hourly manual worker (package handler) for Aerotek from approximately May 2021 through June 6, 2021.

8

56.     At all times relevant, Dolphy has been a non-exempt employee under the FLSA and NYLL.

57.     During his employment, Dolphy was not paid for all of his hours worked. *See, e.g.*, **Exhibit A**, Timesheet and Paystub (showing that Plaintiff Dolphy reported 28 hours of work, but was only paid for 12 hours).

58.     Despite working 40 hours per workweek, at times, Defendant failed to correctly compensate Dolphy with proper overtime compensation of 1.5 times his regular rate of pay for all hours he was suffered or permitted to work.

59.     Despite regularly spending more than twenty-five percent of his shift performing manual work, Defendant failed to compensate Dolphy on a timely weekly basis. Specifically, Defendant often paid Dolphy his wages later than the allowed time for manual workers under NYLL § 191(1)(a).

60.     Defendant failed to provide Dolphy with a proper time of hire wage notice as required by the NYLL.

61.     Throughout his employment, Defendant failed to provide Dolphy with accurate wage statements with each payment of wages as required by the NYLL.

**<u>FIRST CAUSE OF ACTION</u>**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

62.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

63.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendant and protect Plaintiffs and the members of FLSA Collective.

64. Plaintiffs and the FLSA Collective worked in excess of 40 hours during workweeks in the relevant period.

65. Defendant failed to pay Plaintiffs and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 per workweek.

66. As a result of Defendant's willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied proper overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

**SECOND CAUSE OF ACTION**
**New York Labor Law – Minimum Wages**
**(Brought on behalf of Plaintiffs and the New York Class)**

67. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

68. Pursuant to the NYLL, Defendant has been required to pay Plaintiffs and the New York Class minimum wages for all hours worked.

69. Defendant has failed to pay Plaintiffs and the New York Class the minimum hourly wages to which they are entitled for all hours worked, in violation of the NYLL.

70. As a result of the common policies described above Defendant has violated the minimum wage provisions of the NYLL with respect to Plaintiffs and the New York Class by: shaving Plaintiffs and the New York Class's hours.

71. Due to Defendant's violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendant their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Agreed Upon Wages**
**(Brought on behalf of Plaintiffs and the New York Class)**

72.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

73.     Pursuant to NYLL, Article 6 § 191(1)(d), Defendant has been required to pay Plaintiffs and the New York Class the wages they have earned in accordance with the agreed terms of their employment.

74.     Defendant has failed to pay Plaintiffs and the New York Class the earned wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations, pursuant to the agreed-upon terms of Plaintiff's employment.

75.     As a result of the common policies described above Defendant has violated the agreed upon wage provisions of the NYLL with respect to Plaintiffs and the New York Class by: failing to compensate Plaintiffs and the New York Class for all hours worked up to and including 40 at their agreed upon rate of pay.

76.     Due to Defendant's violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendant their agreed wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Overtime Wages**
**(Brought on behalf of Plaintiffs and the New York Class)**

77.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

78.     The overtime wage provisions of Article 19 of the NYLL and its supporting

11

regulations apply to Defendant, and protect Plaintiffs and the New York Class.

79.     Defendant failed to pay Plaintiffs and the New York Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times their regular rate of pay – for all hours worked beyond 40 per workweek.

80.     Due to Defendant's violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Spread of Hours Pay**
**(Brought on behalf of Plaintiffs and the New York Class)**

81.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82.     Defendant has failed to pay Plaintiffs and the New York Class compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours or for workdays that Plaintiffs and the New York Class worked.

83.     Due to Defendant's violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendant their unpaid spread of hours wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**SIXTH CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiffs and the New York Class)**

84.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

85.     The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiffs and the Class.

86.     Defendant failed to pay Plaintiffs and the Class on a timely basis as required by NYLL § 191(1)(a).

87.     Due to Defendant's violations of the NYLL, Plaintiffs and the Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

**SEVENTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Proper Time of Hire Wage Notices**
**(Brought on behalf of Plaintiffs and the New York Class)**

88.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

89.     Defendant has failed to supply Plaintiffs and the New York Class with a proper time of hire annual wage notice, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the

13

physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

90.     Due to Defendant's violations of NYLL, Article 6, § 195(1), Plaintiffs and the New York Class are entitled to statutory penalties of fifty dollars for each workday that Defendant failed to provide them with wage notices, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

**EIGHTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiffs and the New York Class)**

91.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

92.     Defendant failed to supply Plaintiffs and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

93.     Due to Defendant's violations of NYLL, Article 6, § 195(3), Plaintiffs and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendant failed to provide them with accurate wage statements, or a total of five thousand dollars, and reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-d)

**NINTH CAUSE OF ACTION**
**Fair Labor Standards Act – Retaliation**
**(Brought on behalf of Plaintiff Dolphy, individually)**

94.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

95.     Plaintiff Dolphy complained to Defendant regarding his unpaid wages verbally in May 2021 and June 2021, and in writing on at least May 19, 2021 and May 26, 2021. Thereafter, on June 4, 2021, Defendant terminated Plaintiff. As such, Defendant retaliated against Plaintiff Dolphy for attempting to enforce his rights under the FLSA.

96.     Plaintiff Dolphy's complaint regarding unpaid wages against Defendant is a protected activity under 29 U.S.C. § 215(3).

97.     Defendant terminated Plaintiff Dolphy in an effort to harass and intimidate, and/or to otherwise interfere with his attempts to vindicate his rights under the FLSA.

98.     Terminating Plaintiff in response to Plaintiff Dolphy's complaints regarding unpaid wages constitutes retaliation and discrimination in violation of 29 U.S.C. § 215(3).

99.     Plaintiff Dolphy has suffered damages including, but not limited to, intimidation, harm to his reputation, legal costs, and delay as a result of Defendant's retaliation.

100.    Due to Defendant's violations of the FLSA, Plaintiff Dolphy is entitled to recover form Defendant back pay, front pay, compensatory damages, liquidated damages, punitive damages, and attorneys' fees and costs.

**TENTH CAUSE OF ACTION**
**New York Labor Law – Retaliation**
**(Brought on behalf of Plaintiff Dolphy, individually)**

101.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

102.    Plaintiff Dolphy's complaint regarding unpaid wages against Defendant is a protected activity under NYLL § 215.

103.    Plaintiff Dolphy complained to Defendant regarding his unpaid and untimely wages verbally in May 2021 and June 2021, and in writing on at least May 19, 2021 and May 26, 2021. Thereafter, on June 4, 2021, Defendant terminated Plaintiff.  As such, Defendants have retaliated against Plaintiff, discriminated against Plaintiff, and penalized Plaintiff in violation of NYLL § 215.

104.    Defendants terminated Plaintiff because he initiated this action to enforce his rights under the NYLL.

105.    Defendants terminated Plaintiff in order to harass and intimidate Plaintiff, and/or to otherwise interfere with his attempt to vindicate his rights under the NYLL.

106.    Notice of this claim has been served upon the Attorney General pursuant to NYLL § 215(2).

107.    Plaintiff has suffered damages including, but not limited to, intimidation, harm to his reputation, legal costs, and delay as a result of Defendants' retaliation.

108.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants back pay, front pay, compensatory damages, liquidated damages, punitive damages, and attorneys' fees and costs.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all Manual Workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the

date of this Court's issuance of court-supervised notice, worked for Aerotek, Inc. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiffs as representatives of the New York Class and counsel of record as Class Counsel;

E.      Unpaid minimum wages, agreed upon wages, overtime wages, and spread of hours pay, liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.      Liquidated damages in the amount of the untimely wage payments pursuant to the NYLL;

G.      Statutory penalties of fifty dollars for each day that Defendant failed to provide Plaintiffs and the members of the New York Class with wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

H.      Statutory penalties of two hundred fifty dollars for each workweek that Defendant failed to provide Plaintiffs and the New York Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

I.      Prejudgment and post-judgment interest;

J.      Reasonable attorneys' fees and costs of the action;

K.      Back pay, front pay, compensatory damages, liquidated damages, punitive damages,

and attorneys' fees and costs for Plaintiff Dolphy based on Defendant's retaliatory actions; and

L.      Such other relief as this Court shall deem just and proper.

Dated:  New York, New York
        June 21, 2021

                                        Respectfully submitted,

                                        *Brian Schaffer*
                                        _____
                                        Brian S. Schaffer

                                        **FITAPELLI & SCHAFFER, LLP**
                                        Brian S. Schaffer
                                        Dana M. Cimera
                                        28 Liberty Street, 30th Floor
                                        New York, NY 10005
                                        Telephone: (212) 300-0375

                                        *Attorneys for Plaintiffs and the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against Aerotek and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

Leetisha Rountree (Jul 10, 2020 15:44 EDT)
_____
Signature

# Leetisha Rountree
_____
Full Legal Name (Print)

# FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against Aerotek and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.


*D.Dolph*
Onieko dolphy (Jun 17, 2021 12:05 EDT)
_____
Signature

# Onieko dolphy
_____
Full Legal Name (Print)